United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JACKSON, | No. C 10-472 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

This pro se civil action was filed on February 2, 2010, at which time the court notified petitioner in writing that the action was deficient due to the failure to pay the filing fee or furnish a completed and signed court-approved in forma pauperis application. Petitioner was informed that failure to pay the fee or file a completed application within thirty days would result in dismissal of the action. Petitioner did not pay the filing fee or file a completed in forma pauperis application, and the deadline by which to do so has passed. The application that he did file was incomplete in that it did not have the statutorily required certified copy of the trust account statement for the prisoner. See 28 U.S.C. § 1915(a)(2). The incomplete in forma pauperis application is DENIED. (Docket # 3.) The action is DISMISSED without prejudice for failure to pay the filing fee or submit a completed in forma pauperis application. Petitioner may file a new action, but should include a filing fee or an in forma pauperis application with a new petition to commence that new action.

/ / /

The action must be dismissed for the additional reason that state court remedies were not exhausted before he filed this action. Petitioner commenced this action by filing a document labeled "Writ of Habeas Corpus" and "Request Release From Prison And Or Show Cause Why Petitioner Is Being Held." The court construes the document to be a petition for writ of habeas corpus because it challenges the fact or duration of petitioner's confinement and DISMISSES it. (Docket # 1.). Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Jackson has not exhausted his state court remedies. He has been in custody in California since his extradition from Missouri on approximately December 31, 2009, according to his letter filed March 22, 2010. He does not allege that he has exhausted his state court remedies, and the California court website does not list any filing by him in the California Supreme Court since his return to custody. The California Supreme Court has not been given a fair opportunity to rule on the merits of his claims concerning his parole revocation. Jackson must file a petition in the California Supreme Court and give that court a fair opportunity to rule on the merits of all his claims before presenting his claims in a federal habeas petition.

In his letter filed March 22, 2010, Jackson discusses problems he is having at High Desert State Prison, where he is now in custody. If he wants to complain about the conditions of confinement in prison, he should file a civil rights complaint in the proper district (which would be the Eastern District of California for a complaint about conditions at High Desert State Prison) after exhausting administrative remedies for any such claims.

To summarize: this action is dismissed because Jackson failed to file a completed in forma pauperis application and failed to exhaust state court remedies before filing his habeas petition. He may file a new habeas petition to challenge the fact or duration of his confinement, but not until after he exhausts state *judicial* remedies. He may file a new civil rights action to

2

challenge the conditions of confinement at a prison, but not until after he files an inmate grievance and exhausts prison *administrative* remedies. The clerk shall close the file.

IT IS SO ORDERED.

Dated: April 1, 2010

_____
SUSAN ILLSTON
United States District Judge